**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Q 1010 LAMAR PROPERTY, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:12-cv-01949 |
| | § | |
| YPI 1010 LAMAR, LLC AND ZAYA S. YOUNAN, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR EXPEDITED**
**TREATMENT AND SUPPORTING BRIEF**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................4

II.     BACKGROUND AND PROCEDURAL HISTORY..........................................................4

III.    GROUNDS FOR MOTION TO REMAND.......................................................................5

     A.      Q1010 is a Citizen of California, Maryland, and North Carolina.................................5

     B.      This Court Lacks Subject Matter Jurisdiction over this Suit because Both Q1010
        and YPI are Citizens of California, Maryland, and North Carolina ............................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aetna Casualty & Sur. Co. v. Iso Tex., Inc.*,
75 F.3d 216 (5th Cir. 1996) ............................................................... 6

*B., Inc. v. Miller Brewing Co.*,
663 F.2d 545 (5th Cir. 1981) ............................................................. 5

*Carden v. Arkoma Assoc.*,
494 U.S. 185 (1990)................................................................. 5, 6, 8

*Cerberus Partners, LP v. Gadsby & Hannah*,
97 F.Supp. 119 (D. R.I. 1997)........................................................... 6

*Harvey v. Grey Wolf Drilling Co.*,
542 F.3d 1077 (5th Cir. 2008) .......................................................... 5

*Lone Star Fund IV (US), LP v. Lee*,
No. 3:09-CV-1614-B, 2010 WL 1790392, (N.D. Tex. May 5, 2010) ............ 6

*Meyers v. Harrah's East Chicago Casino*, 299
F.3d 615 (7th Cir. 2002) .................................................................. 6

*Reisman v. KPGM Peat Marwick. LLP*,
965 F.Supp. 165 (D. Mass. 1997) ...................................................... 6

*Strawbridge v. Curtiss*,
7 U.S. 267 (1806)........................................................................... 8

*Vargas v. Stone Container Corp.*,
144 Fed. App. 365 (5th Cir. 2005)...................................................... 8

**Statutes**

28 U.S.C. § 1332............................................................................ 4, 5

Plaintiff Q 1010 Lamar Property, L.P. ("**Q1010**") files this Motion to Remand this case to the District Court of Harris County, Texas, pursuant to 18 U.S.C. 1447(c). This case was removed to this Court at the close of business the day before the scheduled hearing on Q1010's Application for a Temporary Injunction and Application for the Appointment of Receiver. Due to the continued and irreparable harm occurring to Q1010's collateral, Q1010 requests expedited treatment of this Motion, so that the Texas state court with proper subject matter jurisdiction in this matter may expeditiously decide those important applications.

## I.
## INTRODUCTION

Defendants' Notice of Removal bases subject matter jurisdiction in this Court exclusively on diversity of citizenship, 28 U.S.C. § 1332. Defendants argue that complete diversity exists between Q1010 and Defendants because Defendants are citizens of California, Maryland, and North California, and Q1010 is a citizen of Delaware and Texas. *See* Notice of Removal ¶ 9-10. Defendants incorrectly limit Q1010's citizenship to Delaware and Texas. Because Q1010 is a limited partnership, the entity is deemed to be a citizen of every state in which its general and/or limited partners are citizens. Here, two of Q1010's limited partners are citizens of at least California, Maryland, and North Carolina for purposes of diversity and, thus, complete diversity does not exist and this Court lacks subject matter jurisdiction over the suit.[1] Accordingly, this Court should remand this case to the District Court of Harris County, Texas.

## II.
## BACKGROUND AND PROCEDURAL HISTORY

This suit arises out of a $32,000,000 advancement loan made by Q1010's predecessor-in-interest to Defendant YPI 1010 Lamar, LLC ("**YPI**"), a Delaware limited liability company, for

---

[1] Exhibit 1 to this Motion is a demonstrative chart depicting the ownership chain reaching to California, Maryland, and North Carolina citizenship.

the purchase of an office building located at 1010 Lamar Street in Houston, Texas.  The loan was guaranteed by Defendant Zaya S. Younan (together with YPI, the "**Defendants**").

Q1010 filed suit against the Defendants in the 113th Judicial District Court of Harris County, Texas, on June 18, 2012.  Defendants received notice of the suit on June 18, 2012, and YPI filed an answer on June 27, 2012.  Younan has not answered.  Defendants removed the case to this Court on June 28, 2012.

### III.
### GROUNDS FOR MOTION TO REMAND

This Court lacks subject matter jurisdiction over this case because the parties are not completely diverse as required by 28 U.S.C. § 1332.  Defendants have not met their burden of demonstrating that this Court has subject matter jurisdiction over this case.  *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("Because the establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation, we have consistently held that it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal."). Because Q1010 and YPI are both citizens of California, Maryland, and North Carolina, complete diversity does not exist, and this Court must remand this case.

A.    <u>**Q1010 is a Citizen of California, Maryland, and North Carolina**</u>

Q1010 is a Texas limited partnership.  For purposes of federal diversity jurisdiction, a limited partnership is deemed to be a citizen of those states in which each of its general and limited partners are citizens.  *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that a limited partnership had the citizenship of its general partner and its limited partner); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citing *Carden*, 494 U.S. at 195-196).  Under this rule, many non-corporate entities will rarely be subject to

diversity jurisdiction because it is likely that some partners or limited partners will share citizenship with the opposing party. *See Aetna Casualty & Sur. Co. v. Iso Tex., Inc.*, 75 F.3d 216, 218 (5th Cir. 1996); *see also Reisman v. KPGM Peat Marwick. LLP*, 965 F.Supp. 165, 177 (D. Mass. 1997) (holding no diversity exists even though the accounting firm "which operates offices within every state has effectively immunized itself from the reach of diversity jurisdiction of the federal courts" by organizing itself as a limited partnership).

Texas courts and other federal courts have made clear that *Carden*'s rule applies to multi-tiered partnerships. *See Lone Star Fund IV (US), LP v. Lee*, No. 3:09-CV-1614-B, 2010 WL 1790392, at *3 (N.D. Tex. May 5, 2010) ("[L]ower courts have consistently applied *Carden*'s holding to multi-tiered partnerships") (citing *Meyers v. Harrah's East Chicago Casino*, 299 F.3d 615, 617 (7th Cir. 2002) ("The citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.")); *see also Cerberus Partners, LP v. Gadsby & Hannah*, 97 F.Supp. 119, 120-21 (D. R.I. 1997) (finding Plaintiff limited partnership was a citizen of Connecticut, destroying diversity, by looking to its general partner and then looking to its general partner's general partner, Donald Opatry, a citizen of Connecticut). Therefore, in determining the citizenship of Q1010 for diversity purposes, this Court must look to the citizenship of *all* of Q1010's general and limited partners, throughout all of their multiple tiers.

Q1010's several limited partners include the following two limited partnerships: (1) Q Funding III, L.P.; and (2) Q4 Funding, L.P. *See* Exhibit 2, Affidavit of Thomas F. Ellis III (the "**Aff.**"), at ¶ 4. Thus, for purposes of diversity, Q1010 takes on the citizenship of Q Funding III, L.P. and Q4 Funding, L.P.

Q Funding III, L.P.'s and Q4 Funding, L.P.'s limited partners include The Endowment Master Fund, L.P.  *See* Ex. A to the Aff. (The Endowment Registered Fund, L.P.'s Form N-CSR for the period ending December 31, 2011) at 30; Ex. B to the Aff. (The Endowment TEI Fund, L.P.'s Form N-CSR for the period ending December 31, 2011) at 30; Ex. C to the Aff. (The Endowment Institutional TEI Fund W, L.P.'s Form N-CSR for the period ending December 31, 2011) at 30.  Thus, for purposes of diversity, Q Funding III, L.P. and Q4 Funding, L.P. takes on the citizenship of The Endowment Master Fund, L.P., and, therefore, Q1010 takes on the citizenship of The Endowment Master Fund, L.P.

The Endowment Master Fund, L.P.'s limited partners include three funds:  (1) The Endowment Registered Fund, L.P.; (2) The Endowment (Offshore TEI) Fund, Ltd.; and (3) The Endowment Institutional TEI Fund W, Ltd.  *See* Ex. A to the Aff. at 10; Ex. B to the Aff. at 10; Ex. C to the Aff. at 10.  As shown below, these funds have limited partners in California, Maryland, and North Carolina, making the respective funds citizens of California, Maryland, and North Carolina for the purposes of diversity.  Therefore, Q1010 ultimately takes on the citizenship of these states for purposes of 28 U.S.C. § 1332.

1.      **Citizenship of The Endowment Registered Fund, L.P.**

The Endowment Registered Fund, L.P.'s limited partners included 1,661 investors in California, 261 investors in Maryland, and 273 investors in North Carolina.  *See* Ex. D to the Aff. (The Endowment Registered Fund, L.P.'s Form D filed March 12, 2009) at 7-8.  Thus, The Endowment Registered Fund, L.P. is a citizen of at least California, Maryland, and North Carolina for purposes of diversity jurisdiction.

2.      **Citizenship of The Endowment (Offshore TEI) Fund, Ltd.**

The Endowment (Offshore TEI) Fund, Ltd.'s investors include The Endowment TEI Fund, L.P.  *See* Ex. B to the Aff. at ¶ 10.  The Endowment TEI Fund, L.P.'s limited partners

included 1,251 investors in California, 345 investors in Maryland, and 391 investors in North Carolina.  *See* Ex. E to the Aff. (The Endowment TEI Fund, L.P.'s Form D filed March 12, 2009) at 7-8.  Thus, The Endowment (Offshore TEI) Fund, Ltd. is a citizen of at least California, Maryland, and North Carolina for purposes of diversity jurisdiction.

### 3.    Citizenship of The Endowment Institutional TEI Fund W, Ltd.

The Endowment Institutional TEI Fund W, Ltd.'s investors include The Endowment Institutional TEI Fund W, L.P.  *See* Ex. C to the Aff. at ¶ 10.  The Endowment Institutional TEI Fund W, L.P.'s limited partners include certain investors in California.  *See* Ex. F to the Aff. (The Endowment Institutional TEI Fund W, L.P.'s November 3, 2011 Letter to the Department of Corporations).  Thus, The Endowment Institutional TEI Fund W, Ltd. is a citizen of at least California for purposes of diversity jurisdiction.

### 4.    Citizenship of Q1010

Therefore, the California, Maryland, and North Carolina citizenship of these entities is imputed to Q1010, and Q1010 is deemed a citizen of California, Maryland, and North Carolina for diversity purposes.

### B.    This Court Lacks Subject Matter Jurisdiction over this Suit because Both Q1010 and YPI are Citizens of California, Maryland, and North Carolina

It is well established that 28 U.S.C. § 1332 requires "complete diversity" of citizenship.  *Carden*, 494 U.S. at 187.  "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  *Vargas v. Stone Container Corp.*, 144 Fed. App. 365, 367 (5th Cir. 2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  As discussed *supra*, Q1010 is a citizen of California, Maryland, and North Carolina, and YPI is also a citizen of California, Maryland, and North Carolina.  *See* Notice of Removal ¶ 9 (stating YPI is a citizen of California, Maryland and North Carolina).  Because

Q1010 and YPI are both citizens of California, Maryland, and North Carolina, this Court cannot exercise diversity jurisdiction because there is not "complete diversity" of citizenship. Therefore, this case should be remanded to the District Court of Harris County, Texas.

WHEREFORE, PREMISES CONSIDERED, Q1010 respectfully requests that the Court remand this case to the 113th Judicial District Court of Harris County, Texas, grant Q1010 its costs and attorneys' fees incurred in filing this Motion to Remand, and for such other further relief to which it may be entitled.  Q1010 further requests expedited treatment of this Motion.

Respectfully submitted,
VINSON & ELKINS LLP


By:      /s/ Pat Mizell_____
         Pat Mizell
         State Bar No. 14233980
         First City Tower
         1001 Fannin Street, Suite 2500
         Houston, Texas  77002
         Telephone:  (713) 758-2222
         Facsimile:   (713) 758-2346

         John C. Wander
         State Bar No. 00791877
         Trammell Crow Center
         2001 Ross Avenue, Suite 3700
         Dallas, Texas 75201-2975
         Phone: (214) 220-7700
         Fax: (214) 999-7716

         **Attorneys for Q1010**

## CERTIFICATE OF CONFERENCE

Plaintiff's attorney Pat Mizell conferred with Lee Kaplan, attorney for Defendants, on July 3, 2012 regarding the substance of this Motion. Defendants are opposed to the relief requested herein.


_/s/ Pat Mizell_____
Pat Mizell


## CERTIFICATE OF SERVICE

On July 5, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, which served the document on all counsel of record.


_/s/ Pat Mizell_____
Pat Mizell

US 1470122v.1