## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Q 1010 LAMAR PROPERTY, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:12-cv-01949** |
| **vs.** | § | |
| | § | |
| **YPI 1010 LAMAR, LLC and ZAYA S.** | § | |
| **YOUNAN,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT ZAYA S. YOUNAN'S RULE 12(B)(2)
## <u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

I.     Nature and Stage of Proceeding.................................................................................1

II.    Issue to be Ruled Upon by the Court........................................................................1

III.   Factual and Procedural Background .........................................................................1

IV.    Argument and Authorities.........................................................................................3

      A.     Legal Standards.............................................................................................3

            1.     Rule 12(b)(2).......................................................................... 3

            2.     Due process and minimum contacts ........................................... 3

      B.     Plaintiff does not allege and cannot establish facts to support the
           exercise of specific jurisdiction over Mr. Younan....................................4

            1.     No purposeful availment of Texas............................................. 4

            2.     No claims arising out of Texas contacts .................................... 7

      C.     Plaintiff does not allege and cannot establish facts to support the
           exercise of general jurisdiction over Mr. Younan. ....................................8

      D.     Exercising personal jurisdiction over Mr. Younan would
           contravene fair play and substantial justice ..............................................9

V.     Conclusion ..............................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Industry Co. v. Superior Court*,
480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)...............................................................10

*Brothers v. Print, Inc.*,
No. 3:07-CV-0415-B, 2007 WL 3331974 (N.D. Tex. Nov. 8, 2007).......................................6

*Burchfield v. Stein*,
No. 3:01-CV-2529, 2002 WL 318341 (N.D. Tex. Feb. 27, 2002) ...........................................6

*Busch v. Viacom Intern., Inc.*,
477 F. Supp. 2d 764 (N.D. Tex. 2007) ...................................................................................9

*Compass Fin. Partners L.L.C. v. Unlimited Holdings, Inc.*,
No. CV07–1964–PHX–MHM, 2008 WL 2945585 (D. Ariz. July 28, 2008)..........................7

*Crandell v. Arthurs*,
No. 4:06-CV-166, 2007 WL 173865 (E.D. Tex. Jan. 19, 2007) ..............................................6

*Delgado v. Reef Resort, Ltd.*,
364 F.3d 642 (5th Cir. 2004) ....................................................................................................3

*Dynamo, L.P. v. Warehouse of Vending & Games*,
168 F. Supp. 2d 616 (N.D. Tex. 2001) ....................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)...........................................................9

*House v. 22 Texas Services, Inc.*,
60 F. Supp. 2nd 602 ..................................................................................................................4

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)................................................................................................................10

*Johnston v. Multidata Systems Intern. Corp.*,
523 F.3d 602 (5th Cir. 2008) .................................................................................................4, 9

*Jones v. Petty-Ray Geophysical Geosources, Inc.*,
954 F.2d 1061 (5th Cir. 1992) ..................................................................................................5

*Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*,
653 F.2d 921 (5th Cir. 1981) .....................................................................................................7

363725.1

*Marathon Oil Co. v. A.G. Ruhrgas*,
   182 F.3d 291 (5th Cir. 1999) ........................................................................................8

*Panda Brandywine Corp. v. Potomac Elec. Power*,
   253 F.3d 865 (5th Cir. 2001) ........................................................................................3

*Powerhouse Productions, Inc. v. Widgery*,
   564 F. Supp. 2d 672 (E.D. Tex. 2008)...........................................................................5

*Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*,
   4:09-CV-00039, 2009 WL 3157468 (E.D. Tex. Sept. 28, 2009)..................................6

*Stripling v. Jordan Prod. Co., LLC,*
   234 F.3d 863 (5th Cir. 2000) ........................................................................................3

*Stroman Realty, Inc. v. Antt,*
   528 F.3d 382 (5th Cir. 2008) ........................................................................................4

*Stuart v. Spademan,*
   772 F.2d 1185 (5th Cir. 1985) ...................................................................................3, 5

*Turan v. Universal Plan Inv. Ltd.*,
   70 F. Supp. 2d 671 (E.D. La. 1999)..............................................................................8

*Walk Haydel & Assocs. v. Coastal Power Prod. Co.*,
   517 F.3d 235 (5th Cir. 2008) ........................................................................................4

*Wells Fargo Bank, Nat. Ass'n v. Brickman*,
   2012 WL 1029529 (D. Ariz. Mar. 27, 2012) ................................................................7

## Rules

Federal Rule of Civil Procedure 12(b)(2) ....................................................................1, 3

363725.1

Defendant Zaya S. Younan ("Younan") moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Younan is a California resident who conducts no personal business in Texas.  Younan's only Texas contacts have been in a representative capacity on behalf of Defendant YPI 1010 Lamar, LLC, and/or other affiliated entities.  Jurisdiction over Younan, an individual, cannot be predicated upon jurisdiction over a corporation or entity, like YPI 1010 Lamar, LLC.  The Court should dismiss Plaintiff's claims against Younan for lack of personal jurisdiction.

## I.      Nature and Stage of Proceeding

Plaintiff purports to be an assignee of a loan agreement whereby Defendant YPI 1010 Lamar, LLC borrowed funds to purchase property at 1010 Lamar Street, in Houston, Texas, and a guaranty agreement whereby Younan guaranteed a portion of the amount borrowed pursuant to the loan agreement. Plaintiff sued YPI 1010 Lamar, LLC and Younan in Harris County, Texas district court on June 18, 2012, alleging exclusively non-monetary defaults under the loan and guaranty agreements.  Defendants removed to this Court on June 28, 2012 on the basis of diversity jurisdiction.

## II.     Issue to be Ruled Upon by the Court

Whether this Court may exercise personal jurisdiction over Younan, a California resident who conducts no personal business in Texas.

## III.    Factual and Procedural Background

Younan is a resident of California.  (Exhibit 1, Declaration of Zaya Younan, ¶ 1).  He is the Chief Executive Officer of Younan Properties, Inc. ("YPI"), a California corporation with its principal place of business in California.  (*Id.*, ¶ 2).  YPI is a privately-held real estate investment and management company, specializing in acquiring office properties throughout the United States.  YPI is the general partner of Younan Investment Properties, L.P., which is the managing

member of Defendant YPI 1010 Lamar, LLC.  (*Id.*, ¶ 3).  Younan is the President of YPI 1010

Lamar, LLC.  (*Id.*).

As President of YPI 1010 Lamar, LLC, Younan executed six of the agreements addressed

in Plaintiff's Petition in his capacity as President.  (*Id.*, ¶¶ 4-8, 10-11).  The loan agreement,

promissory note, amendment to loan agreement, and consent to transfer are all governed by Ohio

law and call for payment in Ohio.  (Dkt. No. 1, Ex. 2).  These four agreements were negotiated

via telephone and written correspondence between representatives of YPI 1010 Lamar, LLC

located in California and bank representatives located in Ohio or Kentucky. (Ex. 1, ¶¶ 4-8, 10-

11).  The other two agreements, the deed of trust and assignment of leases, are governed by

Texas law.  (Dkt. No. 1, Ex. 2).  Younan executed these two agreements solely in his capacity as

President of YPI 1010 Lamar, LLC.  (Ex. 1, ¶¶ 7-8).

As a representative of YPI and/or its affiliated entities, Younan has traveled to Texas for

brief one- or two-day visits for the sole purpose of conducting business on behalf of these

entities.  (*Id.*, ¶ 12).  During these short trips, Younan has never transacted any business outside

of his business for YPI and/or its affiliated entities, personal or otherwise.  (*Id.*).

In his individual capacity, Younan executed three agreements addressed by Plaintiff's

Petition as guarantor.  (*Id.*, ¶¶ 9-11).  All three of these agreements are governed by Ohio law

and call for performance in Ohio.  (Dkt. No. 1, Ex. 2).  The Unconditional and Continuing

Guaranty ("Guaranty") dated November 30, 2007 and related agreements were negotiated via

telephone and written correspondence between Younan located in California and bank

representatives located in Ohio or Kentucky. (Ex. 1, ¶¶ 9-11).

Younan does not conduct, and has not earned any income from conducting, any personal

business in Texas.  (*Id.*, ¶¶ 14-15).  He does not have a bank account in Texas, nor does he own

2

any property located in Texas. (*Id.*, ¶¶ 17-18).  Outside of his capacity as a representative of YPI

and/or its affiliated entities, Younan has not had any regular contact or communication with any

Texas resident.  (*Id.*, ¶ 13). Younan has never traveled to Texas except for his limited business

trips on behalf of YPI and/or its affiliated entities.  (*Id.*, ¶ 14).

Plaintiffs allege in conclusory fashion that this Court may exercise "general and specific

jurisdiction" over Younan because he allegedly "conduct[s] business in Texas . . . otherwise

[has] minimum contacts with the State of Texas, and the claims at issue in this case arise out of

[Younan's] contacts with Texas."  (Dkt. No. 1, Ex. 5).  For the reasons set forth below, each

allegation is unsupported and incorrect.

## IV.    Argument and Authorities

### A.    Legal Standards

#### 1.    *Rule 12(b)(2)*

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the

burden of demonstrating facts sufficient to support jurisdiction. *Stuart v. Spademan,* 772 F.2d

1185, 1192 (5th Cir. 1985) (citations omitted).   The court "must accept as true the

uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual

conflicts." *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000).  However, the

court is not obligated to credit conclusory allegations, even if uncontroverted.   *Panda

Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001).

#### 2.    *Due process and minimum contacts*

This Court may exercise personal jurisdiction over a nonresident defendant if the long-

arm statute of Texas confers personal jurisdiction over that defendant and exercise of such

jurisdiction by Texas is consistent with due process under the United States Constitution.

*Delgado v. Reef Resort, Ltd.,* 364 F.3d 642, 644 (5th Cir. 2004).  The Texas long-arm statute

confers jurisdiction to the limits of due process.  *Stroman Realty, Inc. v. Antt,* 528 F.3d 382, 385 (5th Cir. 2008); *see* Tex. Civ. Prac. and Rem. Code Ann. §§ 17.041–.045.  Due process permits the exercise of personal jurisdiction over a nonresident defendant when the defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Systems Intern. Corp.,* 523 F.3d 602, 609 (5th Cir. 2008).

**B.      Plaintiff does not allege and cannot establish facts to support the exercise of specific jurisdiction over Mr. Younan**

"Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."  *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (citation omitted).  Younan's individual Texas contacts, in his personal capacity—not his contacts as YPI's representative—are to be measured in determining whether the Court possesses specific personal jurisdiction over Younan. *See House v. 22 Texas Services, Inc.,* 60 F. Supp. 2nd 602, 609 (S.D. Tex. 1999).

Plaintiff has not pleaded and cannot establish facts showing that Younan purposefully availed himself of the benefits and protections of Texas law or that Plaintiff's claims arise out of any Texas contacts by Younan.

### 1.      *No purposeful availment of Texas*

Younan does not conduct personal business in Texas.  (Ex. 1, ¶ 15).  Outside of his capacity as a representative of YPI and/or its affiliated entities, Younan does not have any regular contact or communication with any Texas resident.  (*Id.*, ¶ 14).  Younan does not have a bank account in Texas, earn income in Texas, or own property in Texas.  (*Id.*, ¶¶ 16-18).  He has not executed in his individual capacity any agreement related to this lawsuit that calls for

4

363725.1

performance in Texas or that is governed by Texas law.  (*Id.*, ¶¶ 5-11).  The agreements that

Younan executed in his individual capacity were negotiated between himself while in California

and representatives of a bank located in Ohio or Kentucky.  (*Id.*, ¶¶ 9-11).  Each of these

agreements is governed by Ohio law and calls for performance in Ohio.  (Dkt. No. 1, Ex. 2); *see*

*also Jones v. Petty-Ray Geophysical Geosources, Inc.*, 954 F.2d 1061, 1069 (5th Cir. 1992)

(observing that a choice-of-law provision providing for another jurisdiction's law indicated

"rather forcefully" that the defendant did not purposefully direct its activities towards Texas).  In

short, Younan has done nothing to reach out to Texas or to avail himself of the benefits and

protections of Texas law.

All of Younan's Texas contacts—executing agreements governed by Texas law,

communicating with Texas residents, or visiting Texas—were made solely in his representative

capacity on behalf of YPI or an affiliated entity.  (Ex. 1, ¶¶ 7-8, 12-18).  Under well-established

Texas law, these contacts cannot be attributed to Younan for purposes of personal jurisdiction.

*See Stuart v. Spademan,* 772 F.2d 1185, 1197 (5th Cir. 1985) ("[A]n individual's transaction of

business within the state solely as a corporate officer does not create personal jurisdiction over

that individual though the state has in personam jurisdiction over the corporation.").  "Succinctly

paraphrased, 'jurisdiction over an individual cannot be predicated upon jurisdiction over a

corporation.'" *Id.* n. 11 (citation omitted); *see also Powerhouse Productions, Inc. v. Widgery*,

564 F. Supp. 2d 672, 678 (E.D. Tex. 2008) ("fiduciary shield doctrine exempts individuals from

the jurisdiction of a court when the minimum contacts that would otherwise give rise to personal

jurisdiction are the result of activities conducted solely on behalf of a corporate entity");

*Dynamo, L.P. v. Warehouse of Vending & Games*, 168 F. Supp. 2d 616, 620 (N.D. Tex. 2001)

363725.1

("The actions of those [individual] defendants as alleged agents of [the nonresident defendant corporation] are irrelevant to the issue of personal jurisdiction over them.").

More specifically, Younan's limited business trips to Texas on behalf of YPI and/or its affiliated entities are irrelevant to analyzing personal jurisdiction over Younan individually. *See Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, 4:09-CV-00039, 2009 WL 3157468, *5 (E.D. Tex. Sept. 28, 2009) (defendant's routine visits to Texas on behalf of business could not constitute continuous and systematic contacts for purposes of personal jurisdiction); *Brothers v. Print, Inc.*, No. 3:07-CV-0415-B, 2007 WL 3331974, at *8 (N.D. Tex. Nov. 8, 2007) (evidence that non-resident CEO paid visits to the Dallas office of his company was "no evidence of continuous and systematic contact"); *Crandell v. Arthurs*, No. 4:06-CV-166, 2007 WL 173865, at *4 (E.D. Tex. Jan. 19, 2007) (CEO's attendance at business meetings in Texas as a representative of his company could not give rise to personal jurisdiction over the CEO in his individual capacity); *Burchfield v. Stein*, No. 3:01-CV-2529, 2002 WL 318341, at *7 (N.D. Tex. Feb. 27, 2002) (non-resident CEO's communications with resident plaintiffs by phone and email and CEO's regular trips to Texas in his corporate capacity were insufficient to confer personal jurisdiction over CEO).  Under the fiduciary shield doctrine, Younan's contacts with Texas made on behalf of YPI and/or its affiliated entities cannot be attributed to Younan individually.[1]

To the extent Plaintiff may argue that personal jurisdiction exists because Younan's personal guaranty induced National City Bank (the original lender) to provide a loan for purchasing real property located in Texas, this argument is unavailing.  Although the property purchased using the loan is in Texas, neither party to the Guaranty is a Texas citizen.  The Guaranty was negotiated between a California resident and an Ohio resident.  It applies Ohio law

---

[1] A corporate officer is not shielded from the exercise of specific personal jurisdiction as to torts for which the officer may be held individually liable.  *Ragan & Massey, Inc.*, 2009 WL 3157468, *5.  Here, Plaintiff has not alleged any torts against Zaya Younan so this exception to the fiduciary shield doctrine does not apply.

and subjects Younan to the jurisdiction of Ohio courts.  "Because the guaranty and the loan were wholly negotiated in [California and Ohio], contain [Ohio] choice of law clauses, and subject [Younan] to personal jurisdiction in [Ohio], [Younan's] signing of the guaranty did not constitute purposeful availment of the privilege of conducting activities within [Texas]."  *See Wells Fargo Bank, Nat. Ass'n v. Brickman*, 2012 WL 1029529, *6 (D. Ariz. Mar. 27, 2012); *see also Compass Fin. Partners L.L.C. v. Unlimited Holdings, Inc.*, No. CV07–1964–PHX–MHM, 2008 WL 2945585 (D. Ariz. July 28, 2008) (granting motion to dismiss Nevada defendant where loan and guaranty were governed by Nevada law, noting that "the obligation in the present case is the payment of a loan between two non-Arizonan parties"); *cf. Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. 1981) (finding that an expansive guaranty containing an open-ended obligation which advanced credit over many months to a company identified on the face of the guaranty as located in "Houston, Texas," coupled with a Texas choice-of-law clause, created minimum contacts with Texas sufficient to establish specific jurisdiction over the nonresident defendant guarantors).

When Younan's Texas contacts made solely on behalf of YPI and/or its affiliated entities are ignored—as they must be under the fiduciary shield doctrine—it is evident that he has no contacts whatsoever with Texas.  Younan has not purposefully availed himself of the benefits and protections of Texas law.

### 2.      *No claims arising out of Texas contacts*

Plaintiff alleges that Younan breached Sections 3.5 and 3.6 of the Guaranty by supposedly not providing Plaintiff with sufficient information regarding his net worth.  Plaintiff also seeks injunctive relief based on these alleged breaches of the Guaranty.  Plaintiff's claims against Younan do not arise out of any Texas contacts by Younan.

7

363725.1

The Guaranty was negotiated between Younan in California and representatives of National City Bank in Ohio. (Ex. 1, ¶ 9). It is governed by Ohio law and calls for performance in Ohio. (Dkt. No. 1, Ex. 2). The Guaranty requires Younan, among other things, to personally guarantee the repayment of the funds borrowed by YPI 1010 Lamar, LLC. (*Id.*). Those funds are to be repaid in Ohio. (*Id.*).

Younan's visits to Texas on behalf of YPI and/or its affiliated entities, as well as Younan's execution on behalf of YPI 1010 Lamar, LLC of two agreements governed by Texas law, have nothing to do with Younan's *personal* guarantee of the loan between YPI 1010 Lamar, LLC and National City Bank in Ohio. In short, there is no factual nexus between any of Plaintiff's claims for relief against Younan and his (non-existent personal) contacts with Texas. *See Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 294 & 295 (5th Cir. 1999) (holding that personal jurisdiction was lacking where a non-resident defendant's only contacts with Texas included meetings in Houston together with several phone calls and correspondence, and the record lacked any evidence that any of those contacts were related to the plaintiff's claims); *Turan v. Universal Plan Inv. Ltd.*, 70 F. Supp. 2d 671, 674 (E.D. La. 1999) ("Travels to business meetings, conversations on the telephone, and correspondence by mail are not sufficient to establish minimum contacts unless there is evidence that the plaintiffs' claims directly arise from these specific activities."). In the absence of any direct connection between Younan's Texas contacts and Plaintiff's claims for breach of the Guaranty, this Court cannot exercise personal jurisdiction over Younan.

## C. Plaintiff does not allege and cannot establish facts to support the exercise of general jurisdiction over Mr. Younan

When the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state, due process requires that the defendant have engaged

8

363725.1

in continuous and systematic contacts with the forum state before a court may exercise general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The "continuous and systematic" contacts test is difficult to satisfy and requires the plaintiff to show extensive contacts between the defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.* at 610.

Here, Plaintiff has not alleged that Younan has any individual personal contacts with Texas. There are no allegations of facts that typically support general jurisdiction, such as property ownership, payment of taxes, frequent personal travel, regular conduct of personal business, or maintenance of bank accounts in Texas. In fact, Younan's sworn declaration demonstrates that none of these facts exist. (Ex. 1, ¶¶ 12-18). As a result, there can be no dispute that Younan lacks "continuous and systematic" individual contacts with Texas. *See Busch v. Viacom Intern., Inc.*, 477 F. Supp. 2d 764, 773 (N.D. Tex. 2007) ("Because Plaintiff has failed to allege that Stewart has any individual personal contacts with Texas, let alone continuous and systematic contacts, and in light of the evidence set forth in Stewart's Declaration, the court determines that Plaintiff has failed to make out a prima facie case of general jurisdiction."). Plaintiff has not alleged and cannot establish facts to show that this Court has general personal jurisdiction over Younan.

> **D.    Exercising personal jurisdiction over Mr. Younan would contravene fair play and substantial justice**

The Supreme Court has articulated the factors relevant to "fair play and substantial justice" as follows:

> A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its

9

determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987) (citation omitted).

These factors weigh against exercising jurisdiction here. Texas does not have a material interest in adjudicating a dispute over whether a California resident complied with a Guaranty provided to an Ohio bank that is governed by Ohio law. Plaintiff can seek relief in California or Ohio, the state of performance and the state whose laws govern the Guaranty that Plaintiff alleges Younan breached. Finally, it would be unfair and burdensome for Younan, a corporate officer acting in his official capacity, to be required to defend himself as an individual in Texas court. Corporate employees would be reluctant to engage in business activities in states where corporate offices are located for fear of being hauled into court in that state. This result would pose an extreme burden upon corporations and individual officers and directly contravene notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 113 (1945).

In light of Younan's lack of individual contacts with Texas, it would be unreasonable for a Texas court to assert personal jurisdiction over him. Accordingly, the Court should grant Younan's motion to dismiss.

## V.    Conclusion

Younan lacks any personal contacts with Texas. He has not invoked the benefits or protections of Texas law and could not reasonably expect that he himself would be hauled into a Texas court. Exercising jurisdiction over Younan based on YPI's Texas contacts would violate the Due Process Clause. The Court should dismiss Plaintiff's claims against Younan.

10

363725.1

Respectfully submitted,

SMYSER KAPLAN & VESELKA, LLP


By:_____/s/  Lee L. Kaplan_____
      Lee L. Kaplan
      Attorney-In-Charge
      State Bar No. 11094400
      Federal I.D. No. 1840
      Justin M. Waggoner
      State Bar No. 24003122
      Federal I.D. No. 23098
      Jarod R. Stewart
      State Bar No. 24066147
      Federal I.D. No. 1043011
      700 Louisiana, Suite 2300
      Houston, Texas  77002
      Telephone No. (713) 221-2325
      Telecopier No. (713) 221-2320

ATTORNEYS FOR DEFENDANTS
YPI 1010 LAMAR, LLC and ZAYA S. YOUNAN


## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document has been served on the following counsel by U.S. certified mail, return receipt requested, on the 9th day of July, 2012.

Pat Mizell
Vinson & Elkins LLP
First City Tower
1001 Fannin, Suite 2500
Houston, Texas 77002

John C. Wander
Andrew E. Jackson
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Ave., Suite 3700
Dallas, Texas 75201-2975

           /s/ Jarod R. Stewart_____
           Jarod R. Stewart

11

363725.1