UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Q 1010 LAMAR PROPERTY, L.P., § § Plaintiff, § § vs. § § YPI 1010 LAMAR, LLC and ZAYA S. § YOUNAN, § § Defendants. § § § | Civil Action No. 4:12-cv-01949 |

# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FRAUD CLAIM AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

366742.2

# TABLE OF CONTENTS

Page

I. Nature and Stage of Proceeding ..................................................................................... 1

II. Issues to be Ruled Upon by the Court ............................................................................ 1

III. Factual and Procedural Background ............................................................................... 2

IV. Argument and Authorities ............................................................................................... 3

    A. Standard of review. ............................................................................................. 3

    B. Plaintiff's complaint establishes that it cannot satisfy necessary elements of its fraud claim. .................................................................................. 4

        1. Plaintiff alleges no misrepresentation of material fact actionable in fraud. ............................................................................. 5

        2. Plaintiff cannot establish the reliance element of a fraud claim. ............................................................................................ 6

    C. Plaintiff has failed to plead fraud with requisite particularity. ............................ 8

V. Conclusion ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Devon Energy Holdings, L.L.C.*,
  NO. 01-09-00643-CV, 2012 WL 880623 (Tex. App.—Houston [1st Dist.] 2012, pet. filed) ...................................................................................................................5

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ..................................................................................4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...........................................................3

*Blount Financial Services, Inc. v. Walter E. Heller and Co.*,
  819 F.2d 151 (6th Cir. 1987) ....................................................................................................8

*Donzi N.V. v. Global Fin. Services LLC*,
  CIV. A. H-11-3642, 2012 WL 2403504 (S.D. Tex. June 25, 2012) .........................................3

*Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd.*,
  750 F. Supp. 838 (N.D. Ohio 1990) .........................................................................................9

*Grant Thornton LLP v. Prospect High Income Fund*,
  314 S.W.3d 913 (Tex. 2010) ................................................................................................6, 7

*Holland v. Thompson*,
  338 S.W.3d 586 (Tex. App.—El Paso 2010, pet. denied) ........................................................5

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*,
  341 S.W.3d 323 (Tex. 2011) ................................................................................................4, 5

*Learning Works, Inc. v. The Learning Annex, Inc.,*
  830 F.2d 541 (4th Cir. 1987) ....................................................................................................8

*Little v. Smith*,
  943 S.W.2d 414 (Tex. 1997) .....................................................................................................8

*McCollum v. P/S Investments, Ltd.*,
  764 S.W.2d 252 (Tex. App.—Dallas 1988, pet. denied) .......................................................5, 6

*Powerhouse Productions, Inc. v. Widgery*,
  564 F. Supp. 2d 672 (E.D. Tex. 2008) .....................................................................................2

*Sullivan v. Leor Energy, LLC*,
  600 F.3d 542 (5th Cir. 2010) ....................................................................................................8

*United States ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009) ....................................................................................................4

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir. 1997) ..................................................................................................4

*Williams v. WMX Tech., Inc.*,
    112 F.3d 175 (5th Cir. 1997) ..................................................................................................4

## Rules and Statutes

Federal Rule of Civil Procedure 9 ....................................................................................1,4, 8, 9, 10

Federal Rule of Civil Procedure 12 ....................................................................................1, 2, 3, 4, 7, 9

366742.2

Defendants YPI 1010 Lamar, LLC ("YPI") and Zaya S. Younan ("Younan" and, collectively with YPI, "Defendants") move to dismiss Plaintiff Q 1010 Lamar Property, LP's recently-pleaded fraud claim for failure to state a claim on which relief may be granted under Rule 12(b)(6) and for failure to satisfy the pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. Alternatively, Defendants ask the Court to require Plaintiff to file a more definite statement of the alleged facts purportedly supporting its fraud claim.

## I.     Nature and Stage of Proceeding

Plaintiff claims to be an assignee of a loan agreement whereby YPI borrowed funds to purchase property at 1010 Lamar Street, in Houston, Texas, and a guaranty agreement whereby Younan guaranteed a portion of the amount borrowed pursuant to the loan agreement. Plaintiff sued Defendants in Harris County, Texas district court on June 18, 2012, alleging exclusively non-monetary defaults under the loan and guaranty agreements. Docket No. 1, Ex. 2. Defendants removed to this Court on June 28, 2012 on the basis of diversity jurisdiction. Docket No. 1. Younan filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Docket No. 5. Plaintiff has moved to remand. Docket No. 4. Both motions remain pending.

## II.    Issues to be Ruled Upon by the Court

A.   Whether this Court should dismiss Plaintiff's fraud claim, which (1) is pled in conclusory fashion, (2) is based on the same factual allegations as its originally asserted contractual claims, (3) establishes on its face that Plaintiff cannot satisfy the misrepresentation and reliance elements of a fraud claim, and (4) was asserted for the first time only after Younan moved to dismiss for lack of personal jurisdiction in a transparent effort to manufacture a basis for exercise of personal jurisdiction over Younan, a California resident who conducts no personal business in Texas.

B.   Alternatively, whether the Court should require Plaintiff to plead its fraud claim with greater particularity.

### III. Factual and Procedural Background

On June 18, 2012, Plaintiff, putative assignee of the lender on a loan agreement with YPI for the purchase money for the office building located at 1010 Lamar Street (the Property"), filed this suit in Harris County district court against YPI and Younan, guarantor of a portion of the loan amount. Docket No. 1, Ex. 2. Plaintiff, which claimed to have acquired the loan by assignment in January 2012, alleged exclusively non-monetary defaults under the loan documents. Specifically, Plaintiff claimed that Defendants breached the loan agreement by failing to provide wide-ranging financial information, including (1) financial documents dating back to the inception of the loan in 2007—years before Plaintiff's purported acquisition—and (2) information irrelevant to the current financial performance of the Property, such as copies of K-1's for all of YPI's members from 2007 through the present. Docket No. 1, Ex. 2, attached Ex. I. On this basis, *despite the fact that YPI had timely paid every dime it owed under the loan agreement, and continues to do so*, Plaintiff sought appointment of a receiver for the Property. Docket No. 1, Ex. 2, ¶¶ 50-59. In both its original and amended petitions in state court, Plaintiff predicated its claims for relief exclusively on alleged breach of the loan documents and asserted no tort claims. Docket No. 1, Exs. 2, 5.

Defendants removed the suit to this Court on June 28, 2012, Docket No. 1, and Younan filed a Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction, Docket No. 5. Younan argued in his Motion to Dismiss that his contacts with Texas were limited to contacts in a representative capacity on behalf of YPI and affiliated entities and that, under the fiduciary shield doctrine, the Court lacked personal jurisdiction over him regarding Plaintiff's exclusively contract-based claims. Docket No. 5, at 5-6; *see Powerhouse Productions, Inc. v. Widgery*, 564 F. Supp. 2d 672, 678 (E.D. Tex. 2008) ("fiduciary shield doctrine exempts individuals from the

2

jurisdiction of a court when the minimum contacts that would otherwise give rise to personal jurisdiction are the result of activities conducted solely on behalf of a corporate entity").

Shortly after Younan moved to dismiss, Plaintiff filed an "Amended Verified Complaint" (in fact its second amended pleading, as it filed an amended petition in state court prior to removal, Docket No. 1, Ex. 5) asserting for the first time a fraud claim against Younan. Docket No. 8, ¶¶ 64-69. Plaintiff apparently hopes that this new tort claim, predicated on the same factual allegations it pleaded from the inception of this suit, will somehow provide a basis for exercising personal jurisdiction over Younan individually. *See Donzi N.V. v. Global Fin. Services LLC*, CIV. A. H-11-3642, 2012 WL 2403504, at *4 (S.D. Tex. June 25, 2012) (fiduciary shield doctrine "does not preclude personal jurisdiction if an officer, while doing business on behalf of a corporation, committed a tort in Texas"). There was no basis for the assertion of personal jurisdiction over Younan based on Plaintiff's original claims in the first two iterations of its complaint, and Plaintiff has not pleaded any additional facts to support its newly-invented fraud claim.

## IV.   Argument and Authorities

### A.   Standard of review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

A motion to dismiss for failure to plead with the particularity required by Rule 9(b) is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n. 8 (5th Cir. 2009). Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

### B. Plaintiff's complaint establishes that it cannot satisfy necessary elements of its fraud claim.

"The elements of fraud are:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury."

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 337 (Tex. 2011) (citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)). Plaintiff's fraud claim should be dismissed because Plaintiff's own pleadings demonstrate that it cannot establish the false representation and reliance elements of its claim.

### 1. Plaintiff alleges no misrepresentation of material fact actionable in fraud.

To satisfy the misrepresentation element of a fraud claim, a claimant must establish a misrepresentation of material fact. *Italian Cowboy*, 341 S.W.3d at 337-38. "A pure expression of opinion is not a representation of material fact and thus is not an actionable basis for a fraud claim." *Allen v. Devon Energy Holdings, L.L.C.*, NO. 01-09-00643-CV, 2012 WL 880623, at *5 (Tex. App.—Houston [1st Dist.] 2012, pet. filed). As such, "[a]n expression of opinion about monetary value is not a representation of fact which gives rise to an action for fraud." *Holland v. Thompson*, 338 S.W.3d 586, 596 (Tex. App.—El Paso 2010, pet. denied).

Plaintiff predicates its fraud claim exclusively on a contention that Younan falsely represented "that his net worth is more than $65 million dollars and that the values of certain properties in which he holds interests are significantly greater than their actual values." Docket No. 8, ¶ 65. Plaintiff claims that "Younan provided his net worth calculation as of December 31, 2011 to Q1010 in early 2012 showing a net worth of $136,531,769." Docket No. 8, ¶ 37. As Plaintiff acknowledges, the December 31, 2011 statement was "based on [Younan's] estimates [of the value of real estate holdings] and not based on appraisals or third-party evaluations." Docket No. 8, ¶ 33. The representation on which Plaintiff predicates its fraud claim is thus admittedly a pure expression of opinion.

It is true that "an exception to [the rule that opinions of value will not support a fraud claim] exists when the person giving the opinion has knowledge superior to that of the person relying upon the opinion, as, for example, when the facts underlying the opinion are not equally available to both parties." *McCollum v. P/S Investments, Ltd.*, 764 S.W.2d 252, 254 -255 (Tex. App.—Dallas 1988, pet. denied). However, the face of Plaintiff's pleadings demonstrates that the exception has no application here.

5

Plaintiff claims that it is an affiliated entity of "Q Investments," which maintains a portfolio of investments that includes a "real estate platform." Docket No. 1, Ex. 2, attached Ex. 1 (affidavit of Thomas Ellis).[1] As a matter of law, a sophisticated real estate investor such as Plaintiff does not have knowledge of real estate values that is in any way inferior to Defendants; to the contrary, Plaintiff had an equal ability to analyze publicly available data and make its own assessment of value. *See*, *e.g.*, *McCollum*, 764 S.W.2d at 255 ("Biddle's appraisal shows that he based his value assessment on his view of the property and information available to the public. McCollum had the same free access to the property and other information that Biddle had. The summary judgment record establishes that McCollum suffered, not from inferior knowledge, but from studied ignorance. One cannot, by blinding himself to facts set before him, render those who choose to look more knowledgeable."). Indeed, Plaintiff's pleadings establish that it did just that: Plaintiff made its own assessment of value of the real estate holdings listed on Younan's net worth statement through accessing publicly available tax records. Docket No. 8, ¶ 39.

Because Plaintiff alleges no actionable misrepresentation of material fact, Plaintiff's fraud claim should be dismissed.

### 2.    Plaintiff cannot establish the reliance element of a fraud claim.

The absence of reliance is a second, independent basis for dismissal. Satisfaction of the reliance element of a fraud claim "require[s] that the plaintiff show actual and justifiable reliance" on the alleged misrepresentation. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). As a matter of law, Plaintiff's allegations establish that

---

[1] In its federal complaint, Plaintiff incorporates by reference the affidavit of Thomas Ellis and attached documents, which were exhibits to Plaintiff's Original Petition in state court. Docket No. 8, at 3, n.2.

6

Plaintiff neither actually nor justifiably relied on any purported misrepresentation by Younan about his net worth.

Q 1010 conclusorily alleges that it relied on Younan's December 31, 2011 net worth statement by declining to act more quickly to declare a default under the loan documents. Docket No. 8, ¶ 38. The more specific factual allegations in Plaintiff's complaint, however, undermine this conclusory assertion. Plaintiff alleges that, in addition to the December 31, 2011 statement of net worth, "Younan provided Q1010 with financial statements detailing his net worth as of August 23, 2011," and that, "[i]n the August 23, 2011 financial statement, Younan's net worth is shown as -$31,974,717." Docket No. 8, ¶ 32; *see also id.* ¶ 2 ("Shortly after learning Q1010 had purchased the Note, Younan began to manufacture false statements showing inexplicable swings in his net worth from negative $32 million in August 2011 to positive $137 million in December 2011 . . . .").[2] Plaintiff claims that it regarded the change in Younan's net worth reflected in the two financial statements as "at best suspicious." Docket No. 8, ¶ 33. Elsewhere, Plaintiff characterizes the documents as reflecting a "magically positive swing in Younan's self-reported valuations of the properties in his portfolio" and "a miraculous increase in the value of [Younan's] personal real estate holdings of over 1,000x while market real estate values remained essentially flat." Docket No. 8, ¶ 2. In sum, Plaintiff alleges that Younan's December 31, 2011 net worth statement was unbelievable on its face and could not be relied on by any rational individual or entity. Plaintiff thus judicially admits through its own pleadings that it did *not* actually or justifiably rely on the purportedly fraudulent December 31, 2011 net worth statement.

---

[2] Younan denies that he provided Q 1010 an August 23, 2011 financial statement but assumes the truth of the allegation for present purposes, as required in evaluating a Rule 12(b)(6) motion to dismiss.

Independently, Plaintiff could not have detrimentally relied upon the December 31, 2011 net worth statement because, according to Plaintiff, its falsity is established by public records, including tax records reflecting appraisals of the properties listed on the net worth statement. Docket No. 8, ¶ 39. Plaintiff is charged with constructive notice of the contents of these public records. *See Little v. Smith*, 943 S.W.2d 414, 425 (Tex. 1997) ("A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records."). Thus, to the extent that public records reveal the purported falsity of Younan's net worth statement as Plaintiff claims, they also establish that Plaintiff could not have justifiably relied on the statement because Plaintiff at a minimum had constructive knowledge of its falsity.

Because Plaintiff cannot establish the reliance element of its fraud claim, the claim should be dismissed.

### C. Plaintiff has failed to plead fraud with requisite particularity.

Finally, Plaintiff's fraud claim also should be dismissed because Plaintiff fails to plead the claim with the particularity required by Rule 9(b). *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010) ("State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)."). As noted previously, Rule 9(b) requires particularized pleading of "the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Because a false representation does not constitute fraud unless it was intended to, and in fact does, induce justifiable reliance by the claimant, Rule 9(b) requires particularized pleading not only of the false representation but also of the facts demonstrating reliance. *See Learning Works, Inc. v. The Learning Annex, Inc.,* 830 F.2d 541, 546 (4th Cir. 1987) ("Reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, . . . and such reliance must be pleaded with particularity." (internal citation omitted)); *Blount Financial Services, Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152-53 (6th Cir. 1987) ("Fraud alleg[ations] . . . must state with particularity

8

366742.2

the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact."); *Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd.*, 750 F. Supp. 838, 842-43 (N.D. Ohio 1990) (finding that both the false statement or omission and the reliance thereon by the plaintiff must be pled with particularity).

Plaintiff alleges only conclusorily that it "reasonably relied on Younan's false representations in not declaring a default under the Loan Documents." Docket No. 8, ¶ 68. Plaintiff pleads no facts that would permit a rational trier of fact to reconcile this conclusory contention with Plaintiff's simultaneous pleading that it regarded Younan's supposedly false financial disclosures as "inexplicable," "miraculous," "magical," and "at best suspicious." Docket No. 8, ¶¶ 2, 3, 33. Plaintiff cannot on the one hand allege that it relied on Younan's net worth statement and on the other hand allege that the statement was unbelievable on its face. Defendants respectfully submit that Plaintiff cannot plead any facts with particularity to reconcile its wholly inconsistent allegations concerning reliance and that its fraud claim should therefore be dismissed for failure to satisfy Rule 9(b).

Although Defendants contend that outright dismissal is appropriate, to the extent the Court does not dismiss Plaintiff's fraud claim based on these allegations, it should at a minimum require Plaintiff to plead its allegations of justifiable reliance more specifically. *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

**V.     Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's fraud claim with prejudice. Alternatively, Defendants request that the Court require Plaintiff to re-plead its fraud claim with the particularity required by Rule 9(b).

    Respectfully submitted,

    SMYSER KAPLAN & VESELKA, LLP

    By:    /s/ Lee L. Kaplan
        Lee L. Kaplan
        Attorney-In-Charge
        State Bar No. 11094400
        Federal I.D. No. 1840
        Justin M. Waggoner
        State Bar No. 24003122
        Federal I.D. No. 23098
        Jarod R. Stewart
        State Bar No. 24066147
        Federal I.D. No. 1043011
        700 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone No. (713) 221-2325
        Telecopier No. (713) 221-2320

    ATTORNEYS FOR DEFENDANTS
    YPI 1010 LAMAR, LLC and ZAYA S. YOUNAN

## CERTIFICATE OF SERVICE

On July 23, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, which served the document on all counsel of record  The document was also emailed to the following counsel.

Pat Mizell
Vinson & Elkins LLP
First City Tower
1001 Fannin, Suite 2500
Houston, Texas 77002

John C. Wander
Andrew E. Jackson
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Ave., Suite 3700
Dallas, Texas 75201-2975

        /s/ Jarod R. Stewart
        Jarod R. Stewart

366742.2